TERESA C. CHOW (SBN 237694)
tchow@bakerlaw.com
ALEXANDER VITRUK (SBN 315756)
avitruk@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:   310.820.8859

PAUL G. KARLSGODT (*admitted pro hac vice*)
pkarlsgodt@bakerlaw.com
**BAKER & HOSTETLER LLP**
1801 California Street Suite 4400
Denver, CO 80202
Telephone:  303.861.0600
Facsimile:   303.861.7805

*Attorneys for Defendant*
SHARP HEALTHCARE

[Additional Counsel Listed on Next Page]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH COUSIN, on behalf of herself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SHARP HEALTHCARE,<br><br>Defendant. | Case No.: 3:22-cv-02040-MMA-DDL<br><br>**JOINT MOTION TO CONSOLIDATE RELATED ACTIONS AND AGREEMENT TO EXTEND DEFENDANT'S DEADLINE TO RESPOND TO RELATED ACTIONS**<br><br>**Related Case:**<br><br>*Linda Camus v. Sharp HealthCare*<br>No.: 3:23-cv-00033-MMA-DDL<br>(Hon. Michael M. Anello) |

1  TODD D. CARPENTER (SBN 234464)
   todd@lcllp.com
2  **LYNCH CARPENTER LLP**
   1350 Columbia Street, Suite 603
3  San Diego, CA 92101
   Telephone: 619.762.1910
4  Facsimile: 619.756.6991

5  *Attorneys for Plaintiff*
   HANNAH COUSIN
6

7  JOHN J. NELSON (SBN 317598)
   jnelson@milberg.com
8  **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
   280 S. Beverly Drive
9  Beverly Hills, CA 90212
   Telephone: 858.209.6941
10

11 *Attorneys for Plaintiffs* LINDA CAMUS
   and DEANNA FRANKLIN-PITTMAN

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

JOINT MOTION TO CONSOLIDATE ACTIONS AND AGREEMENT TO EXTEND DEFENDANT'S
DEADLINE TO RESPOND TO RELATED ACTIONS; CASE NO.: 3:22-CV-02040-MMA-DDL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Pending before this Court are two related lawsuits brought against Defendant Sharp HealthCare Inc. ("Sharp"):

(1) *Hanna Cousin, individually and on behalf of all others similarly situated, vs. Sharp HealthCare Inc.*, Case No. 3:22-cv-02040-MMA-DDL ("*Cousin*"); and

(2) *Linda Camus and DeAnna Franklin-Pittman, on behalf of themselves and all others similarly situated, vs. Sharp HealthCare Inc.*, Case No. 3:23-cv-00033-MMA-DDL ("*Camus*" and, together with *Cousin*, the "Related Actions").

Each of the Related Actions is a proposed class action that seeks to represent substantially similar and overlapping classes of people, assert nearly identical claims against the same defendant (Sharp), and raise nearly identical questions of law and fact. Specifically, Plaintiffs in the Related Actions allege, among other things, they used Sharp's website to transmit confidential and sensitive personal health information ("PHI") and personally identifiable information ("PII"). *See* Ex. A ¶ 3 (*Cousin* Complaint); Ex. B ¶¶ 11-12 (*Camus* Complaint). Plaintiffs in the Related Actions also allege that the Meta Pixel[1] was deployed on Sharp's website. Ex. A ¶ 14; Ex. B ¶¶ 29-30. In addition, Plaintiffs in each of the Related Actions allege that their PHI and PII was intercepted and transmitted to Meta without their consent. Ex. A ¶¶ 13-14; Ex. B ¶¶ 4, 29-30.

Plaintiffs in the Related Actions seek to bring claims on behalf of people who used Sharp's website and allegedly had their PII/PHI transmitted to Meta through the use of the Meta Pixel. Ex. A ¶ 82; Ex. B ¶ 49. Further, both Related Actions seek

---

[1] The *Camus* Complaint refers to Meta as "Facebook". For ease of reference, with Facebook's rebranding to Meta in 2021, the Parties refer to "Facebook" as Meta throughout this joint motion.

3

JOINT MOTION TO CONSOLIDATE ACTIONS AND AGREEMENT TO EXTEND DEFENDANT'S DEADLINE TO RESPOND TO RELATED ACTIONS; CASE NO.: 3:22-CV-02040-MMA-DDL

injunctive relief and punitive and statutory damages. Ex. A at 23-24, Prayer for Relief; Ex. B ¶ 89.

Consolidating the two Related Actions will preserve judicial resources, avoid inconsistent rulings and duplication of labor—such as motion practice and discovery efforts—and promote a more efficient resolution of the disputes between the Parties. Therefore, the Parties jointly ask the Court to exercise its broad discretion to consolidate the two Related Actions into a single action pursuant to Fed. R. Civ. P. 42(a).

## II.  STATEMENT OF FACTS

### A.  The *Cousin* Action

Plaintiff Hanna Cousin alleges she "is a patient of Sharp and has used Sharp's appointment scheduling page…." Ex. A ¶ 11. On November 22, 2022, Plaintiff filed her Complaint against Sharp in San Diego County Superior Court, which Sharp removed to this Court on December 30, 2022. ECF No. 1. The *Cousin* Complaint is a putative class action alleging that Sharp utilized the Meta Pixel on its website and disclosed Plaintiff's and class members' health information to Meta without their consent. Ex. A ¶¶ 38–42.

The *Cousin* Complaint brings claims against Sharp for:

(1)  Breach of fiduciary duty;

(2)  Violation of common law invasion of privacy – intrusion upon seclusion

(3)  Invasion of Privacy under California's Constitution, Art. 1 § 1;

(4)  Violation of the California Confidentiality of Medical Information Act, Cal. Civil Code § 56, *et seq*.; and

(5)  Violation of the California Invasion of Privacy Act, Cal. Penal Code §§ 630 *et seq.*

*Id.* ¶¶ 92–139. The *Cousin* Complaint seeks to bring these claims on behalf of a proposed class defined as:

> All natural persons in California who, within the applicable statute of limitations, used the Sharp scheduling page and had their personal information collected through Meta Pixel.

*Id.* ¶ 82. Additionally, the *Cousin* Complaint seeks injunctive relief, restitution, statutory damages, compensatory damages, and punitive damages. *Id.* at Prayer for Relief.

### B. The *Camus* Action

On December 2, 2022, less than two weeks after the *Cousin* action was filed, Plaintiffs Linda Camus and DeAnna Franklin-Pittman filed a Complaint against Sharp in San Diego County Superior Court. *See* Case No. 37-2022-00048546-CU-NP-CTL, ECF No. 1; Ex. B ¶ 3. Sharp removed the *Camus* action to this Court on January 6, 2023. *See* Case No. 3:23-cv-00033-MMA-DDL, ECF No. 1. Like *Cousin*, the *Camus* Complaint is also a putative class action alleging that Sharp deployed Meta Pixel on its website and assisted with intercepting and transmitting Plaintiffs' and class members sensitive PHI and PII to Meta without their consent. Ex. B ¶¶ 11–12, 47–48.

The *Camus* Complaint also brings four of the five claims that Plaintiff Cousin brought against Sharp for:

(1) Breach of fiduciary duty;

(2) Invasion of Privacy under California's Constitution, Art. 1 § 1;

(3) Violation of the California Confidentiality of Medical Information Act, Cal. Civil Code § 56, *et seq.*; and

(4) Violation of the California Invasion of Privacy Act, Cal. Penal Code § 631.

*Id.* ¶¶ 57–88. The *Camus* Complaint seeks to bring these claims on behalf of a proposed class described similarly to the class proposed in *Cousin*'s Complaint:

> California citizens who, during the class period, had their personally identifiable information or protected health information improperly

5

JOINT MOTION TO CONSOLIDATE ACTIONS AND AGREEMENT TO EXTEND DEFENDANT'S DEADLINE TO RESPOND TO RELATED ACTIONS; CASE NO.: 3:22-CV-02040-MMA-DDL

disclosed to Facebook through the use of the Facebook Pixel tracking tool as a result of or in connection with using www.sharp.com.

*Id.* ¶ 49. Similar to the *Cousin* Complaint, the *Camus* Complaint seeks injunctive relief, statutory damages, and punitive damages. *Id.* ¶ 89.

On January 12, 2023, this Court entered a Report of Clerk and Order of Transfer of the *Camus* action to the same Judge presiding over the *Cousin* action (Hon. Michael M. Anello). *See* ECF No. 6. In the Report of Clerk and Order of Transfer, the Clerk acknowledged that the *Camus* and *Cousin* actions appear "to arise from the same or substantially identical transactions, happening or events", or "involve the same or substantially the same parties or property", or "call for determination of the same or substantially identical questions of law", or "for other reasons would entail unnecessary duplication of labor if heard by different judges." *Id.* Accordingly, Judge Whelan ordered the transfer of the *Camus* action from his calendar to Judge Michael M. Anello's calendar, which Judge Anello accepted. *Id.* Both *Cousin* and *Camus* are now currently pending before this Court.

As discussed below, the Parties jointly request the Court consolidate the Related Actions for all purposes and set a schedule establishing deadlines for Plaintiffs' consolidated complaint and Sharp's response.

### III.   ARGUMENT
**A.   The Related Actions Should Be Consolidated Because They Involve Common Questions of Law And Fact And Doing So Will Promote Judicial Economy.**

Federal Rule of Civil Procedure 42(a) allows courts to consolidate actions if they involve common questions of law or fact. Courts are given broad discretion to consolidate actions. *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855-56 (9th Cir. 2016); *Investors Research Co. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989); *Brown v. Acutus Med., Inc.*, No. 22-cv-206-RSH-KSC,

6

No. 22-CV-388-RSH-KSC, 2022 U.S. Dist. LEXIS 128270, at *3 (S.D. Cal. July 19, 2022). "In determining whether consolidation is appropriate, the district court 'weighs the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause.'" *Brown*, 2022 U.S. Dist. LEXIS 128270, at *3 (quoting *Huene v. U.S.*, 743 F.2d 703, 704 (9th Cir. 1984)) (granting motion to consolidate); *Balasanyan v. Nordstrom, Inc.*, No. 11-cv-2609-JM-WMC; 10-cv-2671-JM-WMC, 2012 U.S. Dist. LEXIS 30809, at **13-14 (S.D. Cal. Mar. 8, 2012) (same).

This Court has recognized that "[t]he purpose of consolidation is to enhance court efficiency and to avoid substantial danger of inconsistent adjudications." *Diaz v. First Am. Home Buyers Prot. Co.*, No. 09-CV-00775-BAS (JLB), 2014 U.S. Dist. LEXIS 206535, at *6 (S.D. Cal. Sept. 24, 2014) (granting motion to consolidate). Furthermore, "[c]ourts recognize that class action suits are ideally suited to consolidation because their unification expedites proceedings, reduces duplication, and minimizes the expenditures of time and money by all concerned." *Id.* at *7 Specifically, "[c]onsolidation further facilitates discovery, conserves judicial resources, and reduces the confusion and delay that result from prosecuting related class action cases separately." *Id.*

Here, the Related Actions involve common questions of fact. They involve the asame defendant (Sharp) and similar proposed classes. Ex. A ¶ 82; Ex. B ¶ 49. Plaintiffs similarly allege that they used Sharp's website to transmit confidential and sensitive PHI and PII. Ex. A ¶¶ 3; Ex. B ¶¶ 11-12. Additionally, each Related Action alleges Sharp had Meta Pixel installed on its website, and that the Meta Pixel intercepted and transmitted Plaintiffs' PHI and PII to Meta without Plaintiffs' consent. Ex. A ¶¶ 13-14; Ex. B ¶¶ 4, 29-30. Further, the Related Actions seek injunctive relief, statutory damages, and punitive damages. Ex. A at 23-24, Prayer for Relief; Ex. B ¶ 89. Simply put, the Related Actions involve common questions of fact and support consolidation.

Additionally, the Related Actions involve common questions of law, as Plaintiffs in the Related Actions assert substantially the same claims, including breach of fiduciary duty, invasion of privacy under California's Constitution, Art. 1 § 1, violations of the California Confidentiality of Medical Information Act, Cal. Civil Code § 56, *et seq.*, and violations of the California Invasion of Privacy Act, Cal. Pen. Code §§ 630 *et seq.* Ex. A ¶¶ 92-101,111-139; Ex. B ¶¶ 57-88. As such, absent consolidation, the Court would have to decide the same legal questions in both actions. Therefore, consolidation is appropriate.

Furthermore, consolidating the two Related Actions will preserve judicial resources, avoid inconsistent rulings and duplication of labor, such as motion practice and discovery efforts, and promote a more efficient resolution of the disputes between the parties. Absent consolidation, the Court would have to hear and decide the same class certification motions. Therefore, consolidation is appropriate to conserve judicial resources.

Indeed, in accepting the reassignment of *Camus* from Judge Whelan, this Court has already determined that the Related Actions appear to "arise from the same or substantially identical transactions, happening or events", or "involve the same or substantially the same parties or property", or "call for determination of the same or substantially identical questions of law", or "for other reasons would entail unnecessary duplication of labor if heard by different judges." ECF No. 6.

Accordingly, the Parties jointly request that the Court consolidate the two Related Actions.

**B.    In the Event the Joint Motion is Granted, the Parties Agree Regarding Plaintiffs' Deadline to File a Consolidated Complaint, Sharp's Response Deadline, and any Motion Briefing Schedule.**

The Parties further request that in the event this Court grants the Parties' Joint Motion to Consolidate, the Court should also set a schedule providing Plaintiffs with 30 days from the Court's Order to file a consolidated complaint; Sharp with 30 days after service of the consolidated complaint to respond to the complaint; Plaintiffs

8

1  with 30 days to respond to any motion filed by Sharp; and Sharp with 21 days to file
2  any reply. The hearing on any motion filed by Sharp shall be set for at least seven
3  days following the reply due date.
4      In the event the Court denies the Parties' Joint Motion to Consolidate, the
5  Parties request that Sharp's deadline to respond to the *Cousin* and *Camus* Complaints
6  be set 30 days after the Court's Order, with Plaintiffs having 30 days to respond to
7  any motion filed by Sharp, and Sharp having 21 days to file any reply. The hearing
8  on any motion filed by Sharp shall be set for at least seven days following the reply
9  due date.

### IV.  CONCLUSION

11      For the foregoing reasons, the Parties respectfully request that this Joint
12  Motion be granted.

Respectfully submitted,

Dated:  January 30, 2023    **BAKER & HOSTETLER LLP**

By:  */s/ Teresa C. Chow*
       TERESA C. CHOW

*Attorneys for Defendant*
SHARP HEALTHCARE

Dated:  January 30, 2023    **LYNCH CARPENTER LLP**

By:  */s/ Todd D. Carpenter*
       TODD D. CARPENTER

*Attorneys for Plaintiff*
HANNAH COUSIN

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Dated: January 30, 2023

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

By: */s/ John N. Nelson*
JOHN J. NELSON

*Attorneys for Plaintiffs* LINDA CAMUS and DEANNA FRANKLIN-PITTMAN

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I, Teresa C. Chow, hereby certify that the content of the foregoing Joint Motion is acceptable to Todd D. Carpenter, counsel for Plaintiff Hannah Cousin, and John J. Nelson, counsel for Plaintiffs Linda Camus and Deanna Franklin-Pittman, and that I have obtained Mr. Carpenter's and Mr. Nelson's authorization to affix their electronic signatures to this document.

*/s/ Teresa C. Chow*
Teresa C. Chow