**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD BARBAT, *individually, and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SHARP HEALTHCARE,<br><br>Defendants. | Case No. 23-cv-330-MMA (DDL)<br><br>**ORDER SUA SPONTE CONSOLIDATING CASES** |

On February 17, 2023, Plaintiff Edward Barbat initiated a putative class action against Sharp Healthcare ("Sharp"). *See* Doc. No. 1. The case was transferred to the undersigned's docket pursuant to the "Low Number" rule, *see* CivLR 40.1.e, as involving substantially identical parties and transactions as Case No. 22-cv-2040-MMA (DDL). *See* Doc. No. 4.

Rule 42 of the Federal Rules of Civil Procedure provides that "[i]f actions before the court involve a common question of law or fact, the court may: . . . (2) consolidate the actions." Fed. R. Civ. P. 42(a)(2). Rule 42 seeks to provide the Court with "broad discretion to decide how cases on its docket are to be tried so that the business of the

court may be dispatched with expedition and economy while providing justice to the parties." Wright & A. Miller, Federal Practice and Procedure, § 2381 (1971).  A motion for consolidation can be raised by a party or the Court *sua sponte*.  *See In re Adams Apple*, 829 F.2d 1484, 1487 (9th Cir. 1987).  In determining whether to consolidate cases, the Court should weigh "the saving of time and effort consolidation would produce" against "any inconvenience, delay, or expense that it would cause." *Thomas Inv. Partners, Ltd. v. U.S.*, 444 F. App'x 190, 193 (9th Cir. 2011) (quoting *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984)).

The Court has already consolidated two nearly identical cases against Sharp.  *See* Case No. 22-cv-2040-MMA (DDL), Doc. No. 11 (consolidating case with Case No. 23-cv-33-MMA (DDL)).  Having reviewed the Complaint, the Court finds that consolidation of the present action with the others is similarly warranted.

All three actions against Sharp include identical claims for violation of California's Invasion of Privacy Act, Cal. Pen. Code § 631, and Confidentiality of Medical Information Act, Cal. Civ. Code § 56.10, as well as common law claims for breach of fiduciary duty, resulting from Sharp's alleged use of Facebook, Inc.'s "Metal Pixel" on its website.  Additionally, the three cases seek to represent virtually identical classes of persons.  The Court therefore finds that consolidating these actions will save time and effort and thus preserve judicial resources and avoid inconsistent rulings, while creating little, if any, potential for delay, confusion, or prejudice.

1. Accordingly, the Court *sua sponte* **CONSOLIDATES** this case, *Edward Barbat, individually and on behalf of all others similarly situated v. Sharp Healthcare*, Case No. 3:23-cv-00330-MMA-DDL, with the consolidated case of *Hannah Cousin, individually and on behalf of all others similarly situated v. Sharp Healthcare*, Case No. 3:22-cv-02040-MMA-DDL for all purposes.  The Clerk of Court shall promptly take all reasonable and necessary action to consolidate the cases.

2. All further proceedings in the consolidated action shall be filed and docketed under Case No. 22-cv-2040-MMA (DDL).

3. The Court **DIRECTS** the Clerk of Court to docket a copy of this Order in Case No. 3:22-cv-02040-MMA-DDL.

4. All pending deadlines remain as previously set.

5. All Plaintiffs are **DIRECTED** to meet and confer regarding the filing of a Consolidated Complaint.

**IT IS SO ORDERED**.

Dated:  March 1, 2023

HON. MICHAEL M. ANELLO
United States District Judge