1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH COUSIN, et al., *individually and on behalf of all others similarly situated*,<br><br>                                          Plaintiffs,<br><br>v.<br><br>SHARP HEALTHCARE,<br><br>                                          Defendant. | Case No.:  22-cv-2040-MMA (DDL)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL PORTIONS OF FIRST AMENDED CONSOLIDATED COMPLAINT**<br><br>[Doc. No. 21] |

   This action consists of three consolidated cases brought by Hannah Cousin, Linda Camus, Deanna Franklin-Pittman, and Edward Barbat ("Plaintiffs") against Defendant Sharp Healthcare ("Defendant" or "Sharp").  *See* Case Nos. 22-cv-2040-MMA (DDL), 23-cv-33-MMA (DDL), 23-cv-330-MMA (DDL).  On August 2, 2023, Plaintiffs filed a redacted version of their First Amended Consolidated Complaint.  *See* Doc. No. 23

1

("FAC"). That same day, Plaintiffs filed a motion for leave to file an unredacted version of their First Amended Consolidated Complaint under seal. *See* Doc. No. 21.

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access is the starting point.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 2d Cir. 1995)). Courts apply the compelling reasons standard when considering whether to seal portions of a plaintiff's complaint. *See Bestway (USA), Inc. v. Sgromo*, No. 17-cv-00205-HSG, 2017 U.S. Dist. LEXIS 160181, at *5 (N.D. Cal. Sept. 28, 2017) (collecting cases).

Here, the Court finds that Plaintiffs have shown compelling reasons to file portions of their First Amended Consolidated Complaint under seal. *See, e.g.*, *Mendell v. Am. Med. Response, Inc.*, 2021 U.S. Dist. LEXIS 37706, at *11 (S.D. Cal. Mar. 1, 2021) ("Compelling reasons may exist to seal protected health information and other personal information that may be abused if disclosed to the public.") (citing *Hendricks v. Aetna Life Ins. Co.*, No. CV1906840CJCMRWX, 2019 WL 9054346, at *4 (C.D. Cal. Nov. 7, 2019); *Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sept. 14, 2015); *Meyers v. Kaiser Found. Health Plan Inc.*, No. 17-CV-04946-LHK, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019). As Plaintiffs explain, "the FAC contains new allegations detailing the confidential and sensitive health information of Plaintiffs." Doc. No. 21 at 4. Moreover, "Plaintiffs' request is narrowly tailored and does not seek wholesale redactions of the FAC." *Id.* at 3.

The Court therefore **GRANTS** Plaintiffs' motion to file portions of the FAC under seal.  *See* Doc. No. 21.  The Court **DIRECTS** the Clerk of Court to file docket entry 22 **UNDER SEAL**.

**IT IS SO ORDERED**.

Dated:  August 14, 2023

HON. MICHAEL M. ANELLO
United States District Judge