# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH COUSIN, et al., *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>SHARP HEALTHCARE,<br><br>Defendant. | Case No.: 22-cv-2040-MMA-DDL<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br><br>[Doc. No. 30] |

Pending before the Court is Defendant Sharp Healthcare's motion to dismiss Plaintiffs' First Amended Consolidated Complaint. On October 9, 2023, Plaintiffs filed a redacted opposition, as well as a motion for leave to file an unredacted version of their opposition under seal. Plaintiffs' motion to seal is unopposed to date.

When presented with a request to file a document under seal, the Court begins with the strong presumption in favor of the "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 n.7 (1978); *see also Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence

in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).  As such, the burden on a motion to seal falls squarely on the movant.  *Kamakana*, 447 F.3d at 1176.  The moving party can only overcome the presumption by "articulat[ing] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178 (citations omitted) (internal quotation marks omitted).  "In turn, the court must 'conscientiously balance[ ] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon*, 435 U.S. at 599).

Having reviewed the motion and respective documents, the Court finds that Plaintiffs have shown compelling reasons to file the unredacted opposition under seal. *See, e.g.*, *Dunsmore v. San Diego Cty. Sheriff's Dep't*, No. 20-cv-00406-AJB-DDL, 2023 U.S. Dist. LEXIS 102207, at *5 (S.D. Cal. June 12, 2023) (recognizing that the need to protect medical privacy has qualified as a "compelling reason" for sealing records). Accordingly, the Court **GRANTS** Plaintiffs' motion and **DIRECTS** the Clerk of Court to file Doc. No. 31 **UNDER SEAL**.

**IT IS SO ORDERED**.

Dated:  October 12, 2023

HON. MICHAEL M. ANELLO
United States District Judge