UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANNAH COUSIN, et al., *individually and on behalf of all others similarly situated*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>SHARP HEALTHCARE,<br><br>　　　　　　　　　　Defendant. | Case No.:  22-cv-2040-MMA-DDL<br><br>**ORDER TO SHOW CAUSE** |

Plaintiffs Hannah Cousin, Linda Camus, and Edward Barbat bring this consolidated putative class action against Sharp Healthcare.  *See* Doc. No. 23.  Generally speaking, Plaintiffs challenge Sharp's use of an internet tracking tool, Meta Pixel, on its website.  For the reasons set forth below, the Court **ORDERS** the parties to show cause why these cases should not be dismissed or remanded for lack of subject matter jurisdiction.

## BACKGROUND

On November 22, 2022, Plaintiff Cousin filed a putative class action complaint against Sharp in the Superior Court of California, County of San Diego, *see* Cal. Sup. Ct. Case No. 37-2022-00047290-CU-MC-CTL ("Cousin Action"), asserting claims for breach of fiduciary duty, invasion of privacy under the common law and the California

Constitution, violation of California's Confidentiality of Medical Information Act, Cal. Civ. Code § 56 *et seq.* ("CMIA"), and violation of the California Invasion of Privacy Act, Cal. Penal Code § 630 *et seq.* ("CIPA"). *See* Doc. No. 1 at 16–39. On December 2, 2022, Plaintiff Camus[1] similarly filed a putative class action complaint against Sharp in the San Diego County Superior Court, *see* Cal. Sup. Ct. Case No. 37-2022-00048546-CU-NP-CTL ("Camus Action"), asserting virtually identical facts and claims: violations of CIPA and CMIA, invasion of privacy under the California Constitution, and breach of fiduciary duty. *See* Case No. 23-cv-33-MMA-DDL, Doc. No. 1 at 17–46.

On December 22, 2022, Sharp filed a Notice of Removal of the Cousin Action to this Court. *See* Doc. No. 1. On January 6, 2023, Sharp filed a Notice of Removal of the Camus Action to this Court. *See* Camus Action, Doc. No. 1. Sharp based its removal of both cases on the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *See* Doc. No. 1 ¶ 9 Camus Action, Doc. No. 1 ¶ 9. On January 30, 2023, Plaintiffs Cousin and Camus, along with Sharp, filed a joint motion to consolidate the Cousin and Camus Actions. *See* Doc. No. 10. The Court granted the parties' joint motion. *See* Doc. No. 11.

On February 17, 2023, Plaintiff Edward Barbat filed a putative class action complaint in this Court against Sharp, *see* Case No. 23-cv-330-MMA-DDL ("Barbat Action"), again asserting virtually identical factual allegations and claims: violations of CIPA and CMIA, invasion of privacy under the common law and the California Constitution, and breach of fiduciary duty. *See id.*, Doc. No. 1. According to Plaintiff Barbat, the Court has subject matter jurisdiction over his Complaint pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). *Id.* ¶ 7. On March 1, 2023, the Court consolidated the Barbat Action with the Cousin and Camus Actions. Doc. No. 13. Since then, all three actions have proceeded under the lead case, *Cousin et al. v. Sharp Healthcare*, Case No. 22-cv-2040-MMA-DDL.

---

[1] Plaintiff Camus originally filed the complaint along with another individual, who has since voluntarily dismissed her claims against Sharp.

On March 3, 2023, Plaintiffs Cousin, Camus, and Barbat filed a Consolidated Class Action Complaint against Sharp. Doc. No. 14. For the first time, Plaintiffs referenced the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2)(A) ("CAFA"), asserting that federal subject matter jurisdiction lies because there are more than 100 members of the proposed class, at least one member of which is diverse, and they seek in excess of $5,000,000.00. *Id.* ¶ 16. Thereafter, Plaintiffs filed a First Amended Consolidated Class Action Complaint. Doc. No. 23. Plaintiffs again invoked the Court's subject matter jurisdiction under CAFA. *Id.* ¶ 15. On December 8, 2023, Sharp filed an Answer to the First Amended Complaint. Doc. No. 43.

## DISCUSSION

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The Court is constitutionally required to raise issues related to federal subject matter jurisdiction, and may do so sua sponte. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq.* Relevant here, 28 U.S.C. § 1442 allows for the removal of "[a] civil action or criminal prosecution" against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof." 28 U.S.C. § 1442(a)(1). "A party seeking removal under section 1442 must demonstrate that (a) it is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims, and (c) it can assert a 'colorable federal defense.'" *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006) (citing *Jefferson County v. Acker*, 527 U.S. 423, 431 (1999)). The provision "should be 'liberally construed' to fulfill its purpose of allowing federal officials and agents who are being prosecuted in state court for acts taken in their federal authority to remove the case to federal court." *Cnty. of San Mateo v. Chevron*

*Corp.*, 32 F.4th 733, 756 (9th Cir. 2022) (quoting *Watson v. Philip Morris Cos.*, 551 U.S. 142, 147 (2007)).  However, "broad language is not limitless" and "precedent and statutory purpose make clear that the private person's 'acting under' must involve an effort to *assist*, or to help *carry out*, the duties or tasks of the federal superior."  *Watson v. Phillip Morris Companies, Inc.*, 551 U.S. 142, 147 (2007).  A private person's "compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal official . . . even if the regulation is highly detailed" and even if the activities are "highly supervised and monitored."  *Id.* at 153.

In determining whether a private person is "acting under" a federal officer for purposes of § 1442(a)(1), courts should consider: (1) "whether the person is acting on behalf of the officer in a manner akin to an agency relationship," (2) "whether the person is subject to the officer's close direction, such as acting under the subjection, guidance, or control of the officer, or in a relationship which is an unusually close one involving detailed regulation, monitoring, or supervision," (3) "whether the private person is assisting the federal officer in fulfilling basic governmental tasks that the Government itself would have had to perform if it had not contracted with a private firm," and (4) "whether the private person's activity is so closely related to the government's implementation of its federal duties that the private person faces a significant risk of state-court prejudice, just as a government employee would in similar circumstances, and may have difficulty in raising an immunity defense in state court."  *Chevron*, 32 F.4th at 756–757 (internal quotation marks and citations omitted).

It appears to the Court on this record that Sharp was not "acting under" a federal officer or agency within the meaning of the federal officer removal statute.  While Sharp pleads in the Notices of Removal that both executive order and federal legislation are aimed at promoting and establishing infrastructure for the electronic exchange of health information, *see* Doc. No. 1 ¶¶ 13–16, it appears that every other district court in this Circuit to consider this issue has rejected these same allegations and arguments.  *See,*

*e.g.*, *Doe v. Wash. Twp. Health Care Dist.*, No. 23-cv-05016-SI, 2023 U.S. Dist. LEXIS 216531, at *8 (N.D. Cal. Dec. 5, 2023); *see also Gibson v. Stanford Health Care*, No. 23-cv-02320-BLF, 2023 U.S. Dist. LEXIS 201829, at *14 (N.D. Cal. Nov. 9, 2023) (collecting cases).  For this reason, Plaintiffs' reference to two out-of-circuit cases holding otherwise, *see* Doc. No. 1 ¶¶ 30–31, is unpersuasive.

Moreover, Plaintiff Barbat's bare allegation that original subject matter jurisdiction exists over his complaint under the federal officer removal statute is plainly insufficient. *See* Barbat Action, Doc. No. 1 ¶ 7.  As is Plaintiff Barbat's contention that this case "presents a question suitable for federal adjudication." *Id.* at 2 fn.3.  Even assuming Barbat invoked 28 U.S.C. § 1331, a cursory review of his complaint reveals no federal question.

Finally, Plaintiffs' assertion in their Consolidated Complaints that the Court has original jurisdiction under CAFA also appears inadequate to establish the Court's subject matter jurisdiction.  The named parties are not diverse: Plaintiffs and Sharp are all citizens of California.  *See* Doc. No. 23 ¶¶ 10–14.  Further, Plaintiffs' proposed class is limited to California residents, *see* Doc. No. 23 ¶ 140, and Plaintiffs only press claims under California law.

Consequently, it appears on this record that the Court lacks subject matter jurisdiction over these cases individually, as well as this consolidated action.  The Court therefore **ORDERS** the parties to **SHOW CAUSE** why these actions should not be dismissed or remanded for lack of subject matter jurisdiction.  Namely, Sharp must respond **in writing** no later than **February 16, 2024**.  Plaintiffs must respond **in writing** on or before that same date: **February 16, 2024**.

**IT IS SO ORDERED**.

Dated:  February 2, 2024

HON. MICHAEL M. ANELLO
United States District Judge